**MEY TJIEN TIO; Mey Kwan, Petitioners**

v.

**ATTORNEY GENERAL USA, Respondent.**

No. 06–4607.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 15, 2008.

Filed: April 21, 2008.

Cherylle C. Corpuz, Penelope P. Jones, Philadelphia, PA, for Petitioners.

Lindsay L. Chichester, Attorney General of the United States, Jocelyn L. Wright, Paul F. Stone, Yamileth G. Handuber, United States Department of Justice Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: AMBRO, FISHER, and MICHEL,* Circuit Judges.

* Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

## OPINION

AMBRO, Circuit Judge.

Mey Tjien and Mey Kwan Tio, two sisters, petition for review of a final order of the Board of Immigration Appeals that affirmed their removal to Indonesia. We have jurisdiction over the petition under 8 U.S.C. § 1252(a). For the reasons explained below, we deny the petition.

The Tio sisters are ethnically Chinese Christians who are Indonesian citizens. In Indonesia, they faced hostile conduct on the basis of their ethnicity and religion, including incidents of oral, physical, and sexual harassment. The sisters entered the United States on April 11, 2000 on visitors' visas, which they subsequently overstayed. Intending to apply for asylum, the sisters sought the assistance of a non-attorney preparer in February 2001. While the preparer assured the Tio sisters that she would file their asylum applications within one year of the sisters' arrival in the United States, as is required by statute, she did not file their asylum applications until July 2001.

At a hearing on their applications, the IJ excused their untimely filing and granted the sisters asylum. The Government appealed, and the BIA reversed the IJ, holding that the sisters did not meet the criteria for excusing untimely applications on the basis of "extraordinary circumstances." The BIA also concluded that the sisters had not shown a well-founded fear of persecution capable of sustaining an application for asylum, nor could they satisfy the higher threshold required for withholding of removal. The BIA remanded to the IJ for consideration of the Tios' remaining claims for Convention Against Torture relief and voluntary departure. On remand, the sisters withdrew their CAT claim. The IJ determined that he was bound by the BIA's holdings to deny their claims for asylum and withholding of removal, but he did grant voluntary departure. The sisters appealed to the BIA, which dismissed the appeal. They then moved for reconsideration of the BIA's order, whereupon the BIA considered their claim for a third time. On reconsideration, the BIA vacated its previous decision dismissing the appeal and instead affirmed the IJ's findings that the sisters were not eligible for asylum or withholding of removal.

The sisters filed a timely petition for review before our Court. They contend that their due process rights were violated by the ineffective assistance of the non-attorney preparer. They further contend that they have demonstrated a well-founded fear of persecution and that the BIA's conclusion otherwise was not supported by substantial evidence.

We need not consider the sisters' due process claim stemming from their preparer's failure to file a timely asylum application because the BIA nevertheless considered and denied the asylum claim on the merits. Specifically, the BIA held that the sisters had not established a well-founded fear of future persecution, and, as such, could not receive asylum. Because the BIA considered the asylum claim on the merits, the sisters faced no prejudice by their preparer's failure to file their applications in a timely manner. We thus turn to the merits of the asylum claim.

To establish eligibility for asylum, an applicant must show by a reasonable likelihood either that she experienced past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A) & § 1158(b)(1)(A). Here, there is no dispute that the sisters had not experienced harm rising to the level of past persecution, and thus we only need to review the BIA's determination concerning future persecution.

To establish a well-founded fear of future persecution, the applicant must first "demonstrate a subjective fear of persecu-

tion through credible testimony that her fear is genuine." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005). Then, she must make the objective showing that " 'a reasonable person in the alien's circumstances would fear persecution if returned to the country in question.' " *Id.* (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003)). To satisfy the objective prong, the applicant can show either that she would be individually singled out for persecution or demonstrate that there is a "pattern or practice" of persecution against persons similarly situated to the petitioner with regard to the protected ground. 8 C.F.R. § 208.13(b)(2)(iii)(A).[1]

We review the agency's determination of whether an applicant has demonstrated a well-founded fear of future persecution for substantial evidence. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). Under this standard, we will uphold the agency's findings of fact if they are " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *Id.* (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir.2001)).

The BIA determined that the sisters could not satisfy the "objective" prong of the asylum analysis because the record did not reflect a "pattern or practice" of persecution against Chinese Christians living in Indonesia. After an independent review of the record, including the State Department country reports, we hold that substantial evidence supports this determination. *Cf. Lie*, 396 F.3d at 537. Accordingly, we deny the petition for review.

---

1. The BIA determined that the sisters had not established an individualized risk of persecution if they returned to Indonesia. They do not challenge this determination in their petition for review, and we will not consider it here.